Pedrick v. Pedrick.

Jacob B. Pedrick, appellant,

*v.*

Alfred C. Pedrick et al., respondents.

1. A father bequeathed to his son Jacob one-third of the residue of his estate, amounting to $18,000, to be paid to Jacob by his executor at such times, and in such sums, as the executor should deem most for the son's good, directing that, if the son should not make a proper use of "his money," the executor should pay him no more than sufficient to board and clothe him in a decent and respectable manner, and providing that if Jacob should die before he should receive the whole of his money, without leaving lawful issue, the balance should fall into the residue of his estate, but if Jacob should leave lawful issue that the balance should be paid to them in equal shares.

2. The person named as executor in the will died after he had paid Jacob portions of the income of the legacy, but none of the principal.—*Held*, that the conclusions of the opinion of the chancellor are concurred in, except that respecting the disposition of the fund; that the conduct of the appellant has been sufficiently tested, and that he has made a proper use of the money paid him, and that the whole fund should now be paid to him.

On appeal from a decree of the chancellor, whose opinion is reported in *Pedrick v. Pedrick, 3 Dick. Ch. Rep. 313*.

*Mr. Martin P. Grey*, for the appellant.

*Mr. Howard M. Cooper*, for the respondents.

Per Curiam.

We agree with all the conclusions of the opinion except that respecting the disposition of the fund in dispute.

It was properly held that the will of Joseph D. Pedrick conferred on his executor a power, in the nature of a trust, which,

Pedrick *v.* Pedrick.

not having been executed by the executor in his lifetime, should now be executed by the court of chancery either directly or by the intervention of a new trustee. That power was, to determine when and in what sums the fund in question should be paid to appellant so as to be most for his good, and to pay him such sums; then, if he should not make proper use thereof, to pay him only so much as would be necessary to board and clothe him in a decent and respectable manner.

Doubtless this provision of the will was designed to be so executed as to test the conduct of appellant in his use of the money paid him.

In the opinion of the chancellor, the conduct of appellant in this respect has not been sufficiently tested. We are unable to agree with this view.

The evidence discloses that for fifteen years the deceased executor paid appellant about $800 a year. He is now about sixty-eight years old, unmarried and of sober and frugal habits. The evidence produced by those interested in withholding the fund from him indicates no trace of a wasteful or extravagant disposition. It shows, at the most, the failure of some small business ventures undertaken by appellant. Considering his lack of capital, the failure of these undertakings does not necessarily indicate lack of business capacity; on the contrary, his withdrawal therefrom with but small loss indicates prudence and care. For, notwithstanding such losses and his small income, he has succeeded in saving nearly $1,000.

A consideration of the evidence satisfies us that the conduct of appellant has been sufficiently tested, and that he has made a proper use of the money paid him. We also deem it plain that it is most for his good that the whole of the fund should now be paid to him.

The decree must therefore be reversed, and a decree made in conformity with these views.

*For reversal*—THE CHIEF-JUSTICE, DIXON, MAGIE, VAN SYCKEL, BOGERT, BROWN, SMITH—7.

*For affirmance*—DEPUE, REED, CLEMENT—3.